

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OSWALDO CRUZ, MARY MARTHA LITTLEJOHN, and ROBERT GREG WINN, on behalf of themselves and a class of those similarly situated, | Case No. **08 CIV 4704** |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| LAWSON SOFTWARE, INC., LAWSON SOFTWARE AMERICAS, INC. | |
| Defendants. | |

RECEIVED
MAY 20 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Oswaldo Cruz, Mary Martha Littlejohn, and Robert Greg Winn

("Plaintiffs"), by and through their attorneys, Cohen, Milstein, Hausfeld & Toll, P.L.L.C.,

and Halunen & Associates, bring the following action for violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Minimum

Wage Act, New York Labor Law § 650, *et seq.*, the New York Wage Payment Act, New

York Labor Law § 190, *et seq.*, the supporting New York State Department of Labor

regulations, 12 N.Y.C.R.R. Part 142, the Employee Retirement Income Security Act

("ERISA"), and other common law claims. Plaintiffs state and allege the following

against Defendants:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to

28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

2 16(b); and Section 501(e)(1) of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132(e)(1).

2.     This Court also has original jurisdiction over this action under the Class

Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1)

there are 100 or more members in the proposed class; (2) at least some members of the

proposed class have a different citizenship from Defendants; and (3) the claims of the

proposed class members exceed $5,000,000 in the aggregate.

3.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. §

1367 over Plaintiffs' New York wage and hour law claims, because those claims derive

from a common nucleus of operative fact.

4.     This Court is empowered to issue a declaratory judgment pursuant to

28 U.S.C. §§ 2201 and 2202.

5.     Defendant Lawson Software, Inc., also known as Lawson Americas

Software, Inc ("Defendant" or "Lawson") are qualified to, and do, transact business in the

State of New York, and in this District.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

Defendant resides in this district and because a substantial part of the events giving rise to

the claims occurred in this District.

## THE PARTIES

7.     Plaintiff Oswaldo Cruz is currently employed by Lawson as a Technical

and/or Systems Consultant, and has been a Lawson employee since April, 2001.  Plaintiff

Cruz resides in Mt. Sinai, New York.  Plaintiff Cruz worked hours in excess of forty

hours per week without receiving overtime compensation as required by both New York and federal law.

8.    Plaintiff Mary Martha Littlejohn is a former employee of Defendant Lawson, held the job title of Business Consultant, and worked for Lawson from August, 1998 to November, 2007. Plaintiff Littlejohn resides in Poughkeepsie, New York. Plaintiff Littlejohn worked hours in excess of forty hours per week without receiving overtime compensation as required by both New York and federal law.

9.    Plaintiff Robert Greg Winn is currently employed by Defendant Lawson as a Technical and/or Systems Consultant, and has been a Lawson employee since June, 2004. Plaintiff Winn resides in the State of Georgia. Plaintiff Winn worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

10.    Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b) and 256, and have signed consent forms to join this lawsuit, copies of which are attached to this Complaint as Exhibits A, B and C.

11.    Defendant Lawson is a computer hardware and software company that provides computer services throughout the United States and the world. The practices described herein were performed in the State of New York and throughout the United States.

12.    Defendant is an employer as defined by 29 U.S.C. § 201, Sec. 3(d).

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

13.    Plaintiffs were and/or are misclassified by Lawson as exempt from the overtime provisions of the FLSA and the various applicable state wage and hour laws, as

described below, including, but not limited to, the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the New York Wage Payment Act, New York Labor Law § 190, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142.

14.    Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by Lawson nationwide as Applications Consultants, Software Consultants, Technical Consultants, Systems Consultants and/or Business Consultants (collectively, the "Class Positions"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Lawson as exempt from overtime pay under federal law.

15.    Plaintiffs Oswaldo Cruz and Mary Martha Littlejohn ("the New York Named Plaintiffs") also bring this action on behalf of all persons who were, are, or will be employed by Lawson in New York as Applications Consultants, Software Consultants, Technical Consultants, Systems Consultants and/or Business Consultants (collectively, the "New York Class"), at any time within the six years prior to the filing of this Complaint through the date of the final disposition of this action (the "New York Class Period"), and who were, are, or will be misclassified by Lawson as exempt from overtime pay under applicable law.

16.    Lawson Software and/or Applications Consultants have the primary duties of training customers for software utilization, conversion of data, and installing, maintaining and upgrading specific software applications in implementing products for Lawson's customers.  Lawson Technical Consultants have the primary duties of

providing subject matter expertise and training to customers, and installing, maintaining and upgrading software and system administration in implementing products for Lawson's customers.  Lawson Systems Consultants have the primary duties of providing subject matter expertise and training to customers, and installing, maintaining and upgrading databases, operating systems, hardware configurations and networks in implementing products for Lawson's customers.  Lawson Business Consultants have the primary duties of developing business relationships with customers, designing and analyzing software systems, customer training and customer service in implementing products for Lawson's customers.

17.    Plaintiffs reserve the right to bring this action on behalf of all persons who were, are, or will be employed by Lawson nationwide for violations of various applicable state wage and hour laws and common law claims.

18.    Plaintiffs also bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendant nationwide in the Class Positions within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the Lawson 401(k) Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

19.    At all relevant times, Defendant has been the plan sponsor of a 401(k) Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  On information and belief, Defendant has exercised actual responsibility, authority, and/or control with

regard to the crediting of compensation under the 401(k) Plan, thereby making it a fiduciary of that Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

20.     On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the 401(k) Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(l), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

21.     At all relevant times, Plaintiffs were employees of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and were participants in the 401(k) Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

22.     Defendant classifies or classified Plaintiffs and the similarly situated individuals as exempt from overtime payments under federal and state laws and/or regulations, despite the fact that they are and were not exempt.  Plaintiffs and the similarly situated individuals worked overtime hours, as defined by the applicable federal and state laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours.

23.     Defendant has willfully refused to pay Plaintiffs and the similarly situated individuals the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

24.     Defendants have failed to keep records of Plaintiffs' and the ERISA Class's overtime work.  In doing so, Defendant has failed to comply with ERISA's

requirement that it maintain records sufficient to determine benefits due or which may become due under the 401(k) Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

25.    Defendant has failed to credit Plaintiffs and the ERISA Class for overtime work as Compensation under the 401(k) Plan. In doing so, Defendant has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

26.    Defendant's practices violate the FLSA, ERISA, and various state wage and hour laws and regulations, including applicable New York laws and regulations. Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

**COLLECTIVE ACTION ALLEGATIONS FOR FEDERAL FLSA CLAIM**

27.    Plaintiffs bring Count I of this Complaint for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated individuals.

28.    Plaintiffs and all similarly situated individuals are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant Lawson's common practice, policy, or plan of unlawfully characterizing them as exempt employees and refusing to pay them overtime in violation of the FLSA.

29.    Upon information and belief, Defendant suffered and permitted Plaintiffs and all similarly situated individuals to work more than forty (40) hours per week without overtime compensation.

30.    Upon information and belief, Defendant knew that Plaintiffs and all similarly situated individuals performed work that required overtime pay. Defendant has

operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

31.    Defendant's conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and all similarly situated individuals.

32.    Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiffs are similar to all those individuals who have worked in a Class Position during the applicable limitations period.

33.    Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS FOR NEW YORK STATE CLAIMS

34.    Plaintiffs Oswaldo Cruz and Mary Martha Littlejohn bring Counts II and V of this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class: All individuals who were, are or will be employed by Defendant in New York as Applications Consultants, Software Consultants, Technical Consultants, Systems Consultants and/or Business Consultants at any time within the applicable limitations periods until the final disposition of this case.

35.    Numerosity:  The New York Class is so numerous that joinder of all members is impracticable.  Plaintiffs Cruz and Littlejohn are informed and believe, and on that basis allege, that during the relevant time period, Defendant employed over thirty (30) people who satisfy the definition of the New York Class.

36.    Typicality:  The New York Named Plaintiffs' claims are typical of the members of the New York Class.  The New York Named Plaintiffs are informed and believe that, like other Applications Consultants, Software Consultants, Technical Consultants, Systems Consultants and/or Business Consultants, they routinely worked time for which they were not compensated as well as more than forty (40) hours per week during the Class Period.  The New York Named Plaintiffs had the same duties and responsibilities as other Class Members.  The New York Named Plaintiffs and the New York Class were subject to Defendant's policy and practice of failing to pay appropriate overtime compensation and failing to maintain accurate time records of hours worked by the New York Class.

37.    Adequacy:  The New York Named Plaintiffs will fairly and adequately protect the interests of the New York Class and they have retained counsel with experience in complex wage and hour class and collective action litigation as well as other class action litigation.

38.    Commonality:  Common questions of law and fact exist as to all members of the New York Class and predominate over any question solely affecting individual members of the New York Class, including but not limited to:

a.    Whether Defendant violated the overtime requirements of the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the New York Wage

Payment Act, New York Labor Law § 190, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, by not paying the New York Named Plaintiffs or members of the New York Class for the time they spend/spent performing required duties;

        b.      Whether the New York Named Plaintiffs and the New York Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of New York law;

        c.      Whether Defendant's policy and practice of classifying the New York Class members as exempt from overtime entitlement under New York law and Lawson's policy and practice of failing to pay overtime to the New York Class members violate applicable provisions of New York law;

        d.      Whether Defendant's actions violated the recordkeeping requirements of the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the New York Wage Payment Act, New York Labor Law § 190, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, by failing to keep and furnish members of the New York Class with records of hours worked;

        e.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the New York Class;

        f.      Whether Defendant's actions were willful; and

        g.      Whether Defendant's actions constitute quantum meruit and whether Defendant was unjustly enriched as a result of its conduct, as described herein.

39.    Superiority:  A class action is superior to other available methods for the

fair and efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against large corporate defendants.

40.    The New York Named Plaintiffs intend to send notice to all members of

the New York Class as required by Fed. R. Civ. P. 23.

## ERISA CLASS ACTION ALLEGATIONS

41.    Plaintiffs bring Counts III and IV of this Complaint for violation of

ERISA as a class action, pursuant to Fed. R. Civ. P. 23 on behalf of the following defined

class:  All persons who were, are, or will be employed by Defendant as Applications

Consultants, Software Consultants, Technical Consultants, Systems Consultants and/or

Business Consultants nationwide within the six years prior to this action's filing date

through the date of the final disposition of this action ("the ERISA Class Period"), who

were, are, or will be improperly classified as exempt from overtime pay under applicable

state and federal laws, and who were, are, or will be covered by the Defendant's 401(k)

Plan ("the 401(k) Plan") (hereinafter "the ERISA Class").

42.    Numerosity:  The ERISA Class is so numerous that joinder of all members

is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during

the relevant time period, Defendant employed over four hundred (400) people who

satisfy the definition of the ERISA Class.

43.    Typicality:  Plaintiffs' claims are typical of those of the ERISA Class.

Plaintiffs, like all other ERISA Class members, were subject to Defendant's policies and

practices of failing to record overtime worked, and Defendant's policy and practice of

failing to credit all overtime compensation earned or owing as compensation under the 401(k) Plan.

44.    Adequacy:  Plaintiffs will fairly and adequately protect the interests of the ERISA Class and they have retained counsel with experience in complex wage and hour class and collective action litigation as well as other class action litigation.

45.    Commonality:  Common questions of law and fact exist as to all members of the ERISA Class and predominate over any question solely affecting individual members of the ERISA Class, including but not limited to:

    a.    Whether Defendant failed and continues to fail to maintain accurate records of actual time worked and wages earned by Plaintiffs and the ERISA Class;

    b.    Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and the ERISA Class;

    c.    Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

    d.    Whether Defendant credited Plaintiffs and the ERISA Class with all compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA; and

    e.    Whether Defendant violated ERISA's fiduciary standards by its failure to credit Plaintiffs and the ERISA Class with all compensation which they were paid or entitled to be paid for purposes of the 401(k) Plan, as required by ERISA.

46.    Class certification of Counts III and IV of this Complaint is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the Plaintiffs and the ERISA Class as a whole.

47.    Plaintiffs intend to send notice to all members of the ERISA Class to the extent required by Rule 23.

48.    Plaintiffs herein reserve the right to amend this Complaint to assert additional claims pursuant to applicable state wage and hour laws other than those asserted herein as discovery in this matter proceeds.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
**Brought by Plaintiffs on Behalf of Themselves and all Similarly Situated Individuals**

49.    Plaintiffs incorporate paragraphs 1 through 48 of this Complaint by reference.

50.    Plaintiffs and similarly situated individuals are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

51.    The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty hours per workweek.

52.    Defendant's actions, policies and/or practices were in violation of the FLSA's overtime requirements by regularly and repeatedly failing to compensate

Plaintiffs and similarly situated individuals for time spent on work activities as described in this Complaint.

53.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiffs are entitled to liquidated damages and are also entitled to attorneys fees and costs incurred in connection with this claim.

54.    Defendant acted willfully in failing to pay its employees overtime compensation for their hours worked.

## COUNT II

**Violation of New York Labor Law § 650, *et seq.*,**
**§ 190, *et seq.*, and 12 N.Y.C.R.R. Part 142**
**Brought by New York Named Plaintiffs on**
**Behalf of Themselves and the New York Class**

55.    Plaintiffs incorporate paragraphs 1 through 54 of this Complaint by reference.

56.    Plaintiffs Oswaldo Cruz and Mary Martha Littlejohn are members of a class that meets the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure for certification and maintenance of a class action.

57.    The foregoing conduct, as alleged herein, violated the New York Minimum Wage Act, New York Labor Law § 650, *et seq.*, the New York Wage Payment Act, New York Labor Law § 190, *et seq.*, the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 (together, "New York Labor Law").

58.    At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651. At all relevant times, Defendant has employed, and continues to employ, employees, including The New York

Named Plaintiffs and each of the New York Class Members, within the meaning of the New York Labor Law.

59.    The New York Labor Law requires an employer, such as Defendant Lawson, to pay overtime compensation to all non-exempt employees. The New York Named Plaintiffs and the New York Class Members are not exempt from overtime pay requirements under the New York Labor Law.

60.    At all relevant times, Defendant Lawson had a policy and practice of failing and refusing to pay overtime pay to the New York Named Plaintiffs and to New York Class Members for their hours worked in excess of forty (40) per week.

61.    As a result of Defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the New York Named Plaintiffs and the New York Class Members at a rate not less than one and one-half times the regular rate at which they are/were employed for all hours worked over forty in a workweek, Defendant has violated, and continues to violate, the New York Labor Law.

62.    The New York Named Plaintiffs, on behalf of themselves and the New York Class Members, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by New York Labor Law § 663(1).

63.    The New York Named Plaintiffs, on behalf of themselves and the New York Class Members, seek the amount of their underpayment based upon Defendant's failure to pay one and one-half times the regular rate of pay for work performed in excess of 40 hours, as provided by New York Labor Law § 663(1), and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

64.     As a direct and proximate result of Defendant's unlawful conduct, the New York Named Plaintiffs and the class members have suffered and will continue to suffer a loss of income and other damages.

## COUNT III

### VIOLATION OF ERISA § 502(a)(3)
### FAILURE TO MAINTAIN RECORDS
**Brought by Plaintiffs on Behalf of Themselves and the ERISA Class**

65.     Plaintiffs incorporate paragraphs 1 through 64 of this Complaint by reference.

66.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

67.     Upon information and belief, the 401(k) Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

68.     Upon information and belief, pursuant to the terms of Defendant's 401(k) Plan, employees' rights to share in the contributions to the Plan were and are dependent, in part, on their compensation, to include, among other things, employees' overtime wages.

69.     By its failure to record and/or report all of the hours worked by Plaintiffs and members of the prospective ERISA Class, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of 401(k) Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

70.     In order to remedy this violation of ERISA by Defendant, Plaintiffs, on behalf of themselves and members of the ERISA Class, seek injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

71.     Plaintiffs, on behalf of themselves and members of the ERISA Class, seek recovery of their and the ERISA Class's attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

<u>COUNT IV</u>

**VIOLATION OF ERISA § 1001,** *et seq.*,
**Brought by Plaintiffs on Behalf of Themselves and the ERISA Class**

72.     Plaintiffs incorporate paragraphs 1 through 71 of this Complaint by reference.

73.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, *inter alia*, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

74.     Upon information and belief, the governing instrument of the 401(k) Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

75.    Upon information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited under the 401(k) Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

76.    Defendant has breached its fiduciary duties by failing to credit compensation due for overtime performed by the Plaintiffs and the members of the ERISA Class as compensation under the 401(k) Plan.

77.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek an injunction requiring Defendant to credit all members of the ERISA Class with compensation under the 401(k) Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

78.    Plaintiffs, on behalf of themselves and members of the ERISA Class, seek recovery of their and the ERISA Class's attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## COUNT V

### UNJUST ENRICHMENT
### Brought by Plaintiffs on Behalf of Themselves and the Class

79.    Plaintiffs incorporate paragraphs 1 through 78 of this Complaint by reference.

80.    The performance of work activities as described in this Complaint conveys a benefit to Defendant, which it has knowingly received.

81.     Defendant is not entitled to this benefit, and retaining it, without paying for it, would be unjust to the New York Named Plaintiffs and class members.

82.     Consequently, the New York Named Plaintiffs and class members are entitled to recover the reasonable value of the benefit conveyed to Defendant by the performance of the work activities as described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated individuals in an FLSA Collective Action, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiffs and all similarly situated individuals (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of their opt-in rights, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiffs as Representative of the FLSA Collective Action;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.     Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.     Costs of action incurred herein, including expert fees;

G.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.    Pre-Judgment and Post-Judgment interest, to the extent provided by law; and

I.    Such other legal and equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, The New York Named Plaintiffs, Oswaldo Cruz and Mary Martha Littlejohn, on behalf of themselves and all members of the New York Class, pray for relief as follows:

J.    Certification of this action as a class action on behalf of the New York Class;

K.    Designation of Plaintiffs Cruz and Littlejohn as the New York Class Representatives;

L.    A declaratory judgment that the practices complained of herein are unlawful under New York law;

M.    Appropriate equitable and injunctive relief to remedy Defendant's violations of New York law, including but not necessarily limited to, an order enjoining Defendant from continuing its unlawful practices;

N.    Appropriate statutory penalties assessed against Defendant;

O.    All legal and equitable relief available under the New York wage and hour laws;

P.    The reasonable value of the services performed for, or the benefit conveyed to, Defendant as described in this Complaint;

Q.    Pre-Judgment and Post-Judgment interest, to the extent provided by law;

R.      Attorneys' fees and costs of suit, including expert fees and other fees pursuant to applicable state laws;

S.      Restitution and/or disgorgement of profits; and

T.      Such other legal and equitable relief as this Court deems necessary, just, and proper; and

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the ERISA Class, pray for relief as follows:

U.      Certification of this action as a class action on behalf of the proposed ERISA Class;

V.      Designation of Plaintiffs as Representatives of the ERISA Class;

W.      A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

X.      Appropriate equitable and injunctive relief to remedy Defendant's violations of ERISA § 209(a);

Y.      A declaration that Defendant has breached its fiduciary duties by failing to credit the Plaintiffs and the ERISA Class with compensation for all work performed, as required by ERISA and the terms of the 401(k) Plan;

Z.      An order requiring that Defendant remedy its breaches of fiduciary duty by crediting Plaintiffs and the ERISA Class with compensation for all of their past, present, and future uncompensated work;

AA.     Attorneys' fees and costs of suit; and

BB.     Such other injunctive and equitable relief as the Court may deem necessary, just, and proper.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.

Dated this 19th day of May, 2008.

Christine E. Webber
Llezlie L. Green, LG-0911
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Ave., NW, Suite 500
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
cwebber@cmht.com; lgreen@cmht.com

Clayton D. Halunen
Charles V. Firth
HALUNEN & ASSOCIATES
220 South Sixth Street, Suite 2000
Minneapolis, MN 55402
Telephone: 612-605-4098
Facsimile: 612-605-4099

**ATTORNEYS FOR PLAINTIFFS**