UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

OSWALDO CRUZ,
MARY MARTHA LITTLEJOHN, and
ROBERT GREG WINN, on behalf of
themselves and a class of those similarly situated,

                                      Plaintiffs,   08 Civ. 4704 (SHS)(THK)

                - against -

LAWSON SOFTWARE, INC.,
LAWSON SOFTWARE AMERICAS, INC.,

                                        Defendants.

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

LITTLER MENDELSON
Craig R. Benson (CB 9531)
A Professional Corporation
Attorneys for Defendants
885 Third Avenue
New York, New York 10022-4834
(212) 583-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

OSWALDO CRUZ,
MARY MARTHA LITTLEJOHN, and
ROBERT GREG WINN, on behalf of
themselves and a class of those similarly situated,

                        Plaintiffs,   08 Civ. 4704 (SHS)(THK)

- against -

LAWSON SOFTWARE, INC.,
LAWSON SOFTWARE AMERICAS, INC.,

                        Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT**

## I.   Introduction

Defendants Lawson Software, Inc. and Lawson Software Americas, Inc. (collectively "Lawson") bring this motion for partial dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state cognizable class claims under the Employee Retirement Income Security Act ("ERISA") and the New York common law. Even taking the allegations in support of these claims as true, Plaintiffs' claims are defective as a matter of law. Accordingly, this motion should be granted and Plaintiffs' ERISA claims and their state law claims for unjust enrichment should be dismissed.

## II. Factual Overview

Lawson is a computer software company that provides technology-related products and services throughout the United States, and globally. See Collective and Class Action Complaint ("Complaint") ¶ 11. Plaintiffs are current and former consultants of Lawson who were classified as exempt from Federal and State wage and overtime laws given the nature of their job duties. See id. ¶¶ 7-9.

Although Plaintiffs assert a whole host of claims against Lawson, all of their claims are premised on the same argument. That is, according to Plaintiffs, they should not have been classified as exempt employees under State and Federal wage and hour laws. And, so Plaintiffs claim, they are owed compensation for worked overtime hours. See id. ¶¶ 13-22. With respect to Plaintiffs' ERISA claims, Plaintiffs allege Lawson violated the law by failing to account, for benefits purposes, the overtime they believe they are owed. Id. ¶¶ 24-25.

Lawson maintains a 401(k) retirement plan ("the Plan") as a benefit to its employees. The Plan allows qualified employees of Lawson to contribute a percentage of their Compensation, as that term is defined in the Plan, to an individual 401(k) account. Affidavit of Anita Magnuson, Exhibit B.[1] Lawson, in turn, makes a matching contribution in an amount equal to the employee's deferrals up to 4% of Compensation. Id. An employee's Compensation, as defined by the Plan, dictates the maximum level of benefits under the Plan. Importantly, the Plan defines Compensation in terms of amounts

---

[1] A complete copy of documents comprising the Plan document is attached as Exhibit B to the Magnuson Affidavit. Attached as Exhibit A are the discrete portions of the Plan which are most relevant to Lawson's Motion. Even though the Plan is not attached as an exhibit to the Complaint, it may nevertheless be considered by the Court because it is a document expressly referenced in, and essential to, the Complaint. See, infra, Section III.A., Standard of Review.

actually paid to an employee during the Plan year, not in terms of speculative amounts that may be owed to an employee.

Critical to this motion then is the Plan's definition of "Compensation" because it squarely forecloses Plaintiffs' ERISA claims. More specifically, Section 1.13(d) of the Plan defines "Compensation" as follows: "Compensation shall include only that compensation which is **actually paid** to the Participant during the Plan Year." Id., Exhibit A (emphasis added). See also Exhibit B (Section 5.2 of the Adoption Agreement to the Plan establishes that "Compensation" shall mean compensation paid to the Employee by Employer during the entire Plan Year based upon W-2 earnings reports as the method of calculating the compensation paid).

Lawson is both an employer and the Plan Sponsor for purposes of ERISA. Complaint ¶¶ 19-20. A third party administer, T. Rowe Price, administers the Plan on behalf of Lawson. T. Rowe Price has discretionary power and the authority to interpret and enforce the Plan. See Magnuson Affidavit, Exhibit B.

Through this motion, Lawson moves to dismiss the following three counts in Plaintiffs' Complaint:

- **Count III** wherein Plaintiffs allege Lawson violated ERISA by failing to maintain adequate records "sufficient to determine the benefit accrual rights of 401(k) plan participants." Complaint ¶ 69;

- **Count IV** wherein Plaintiffs make the claim that Lawson breached its fiduciary duties under ERISA by "failing to credit compensation due for overtime performed by [them]." Id. ¶ 76; and

- **Count V** in which Plaintiffs assert a claim for unjust enrichment under New York law alleging Lawson improperly received a benefit from Plaintiff without paying for it (*i.e.*, overtime work absent overtime compensation).

As detailed below, the ERISA claims should be dismissed because they are foreclosed by the Plan. The state law claims should likewise be dismissed because Plaintiffs have an adequate remedy at law, namely claims under State and Federal wage and hour laws.

**III.   Argument**

    **A.   Standard of Review**

Pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, a defendant may move to dismiss one or more counts of a complaint based upon the plaintiff's failure to state a claim upon which relief can be granted. On a Rule 12 motion, all of the plaintiff's factual allegations are taken as true and a claim should be dismissed only when there are no set of facts which could support the plaintiff's claim. Audiotext Network, Inc. v. American Telephone and Tele. Co., 62 F.3d 69, 71 (2d. Cir. 1995). Moreover, "the Court must draw all reasonable inferences arising from the facts in plaintiff's favor." Trustees of Health and Welfare v. Schlesinger Bros., Inc., 931 F.Supp. 204, 207 (S.D.N.Y. 1996)(citing IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d Cir.1993)). When considering a Rule 12 motion, the court is obligated to consider matters set forth in the pleadings. However, the courts in the Second Circuit have recognized a limited exception to this rule, which applies here.

The Court may consider documents not attached to the Complaint, but which are relied upon by Plaintiffs and which are integral to the Complaint, without converting this motion into one for summary judgment. Audiotext Network, Inc., 62 F.3d at 72 (in ruling on a motion to dismiss under Rule 12(b)(6) the court may consider documents heavily relied upon by plaintiffs, as to term and effect, and which are integral to the complaint); see also Cue Fashions, Inc. v. LJS Distribution, Inc., 807 F.Supp. 334, 335-36 (S.D.N.Y. 1992). This is exactly the situation with respect to the Plan. It is a

document that is referenced in the Complaint, and it is essential to Plaintiffs' theory of recovery with respect to the ERISA claims. Accordingly, it is properly considered by the Court.

### B. Plaintiffs' Fail To State Claims Under ERISA

#### 1. Both Of Plaintiffs' ERISA Claims Are Barred By The Terms Of The Plan.

Plaintiffs' ERISA claims, Counts III and IV, are predicated entirely on the theory that Lawson violated ERISA by failing to count, for benefits purposes, the overtime they allegedly should have been paid but were not paid. These claims fail on their face because Lawson met all of its obligations under ERISA given the Plan's definition of "Compensation." Stated directly, the Plan requires Lawson to only use the compensation amount actually paid to Plaintiffs in a Plan year when calculating and administering the Plan benefits, and that is exactly what Lawson did.

Subject to certain minimum standards, ERISA grants employers considerable latitude in defining the terms upon which it pays retirement benefits (*i.e.*, in connection with a 401(k) plan). See Burgio and Campofelice, Inc. v. New York State Dept. of Labor, 107 F.3d 1000, 1007 (2d. Cir. 1997) ("Under ERISA, 'private parties, not the Government, control the level of benefits.'") (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 511 (1981)); Bauer v. Summit Bancorp, 325 F.3d 155, 159 (3d Cir. 2003); see generally, Varity Corp. v. Howe, 516 U.S. 489, 497 (1996). When an employer, like Lawson, uses that latitude in establishing a benefit plan for its employees, it is not the role of the courts (or the Plan Administrator) to provide benefits which are not consistent with the express terms of the plan. See 29 U.S.C. § 1104(a)(1)(D);

Egelhoff v. Egelhoff ex. rel. Breiner, 532 U.S. 141, 147 (2001); Bauer, 325 F.3d at 164 n.19 ("Unless a plan violates ERISA, judicial amendments are not authorized.").

Courts routinely defer to the terms of the ERISA plan when evaluating legal claims made by employees. When employees' legal claims are inconsistent with the terms of the plan, the claims are properly dismissed. For example, in Bell v. Allstate Ins. Co., 822 F. Supp. 1222 (D.S.C. 1992), the court held that plaintiffs were not entitled to benefits based upon certain commissions because the terms of the plan excluded such commissions as earnings. The court explained:

> Employer design decisions with respect to the level of benefits provided under ERISA-qualified plans are not reviewed under ERISA fiduciary standards. The only substantive review that a court may conduct in regard to an employer's decision as to how to design an ERISA-qualified plan is to assess [the plan's] compliance with the policies underlying ERISA. [Since] the challenged practice is a design decision [and because] these plans comply with the policies underlying ERISA, judgment must be entered in favor of [Defendant].
>
> Even if this case did not involve [Defendant's] design decisions and could not be resolved on that basis, entry of judgment in favor of [Defendant] would nevertheless be warranted because the administrators' disputed interpretations are in accordance with the unambiguous terms of the plans.

Id. at 1225-26; see also Wolf v. Coca-Cola Co., 200 F.3d 1337, 1340-42 (11th Cir. 2000) (plan definition of participating employee excluded those classified by employer as being an independent contractor and the fact that plaintiff was improperly classified as such did not make him eligible for benefits under the terms of the ERISA plan).

In fact, the United States District Court for the District of Minnesota very recently dismissed ERISA claims, predicated on alleged overtime wages that should have been paid, because the claims were flatly inconsistent with the ERISA plan's definition of eligible earnings. Maranda et. al. v. Group Health Plan, Inc., 2008 U.S. Dist. LEXIS

41500; 2008 WL 2139584 (D.Minn. May 20, 2008) (unpublished). The plaintiffs in Maranda asserted ERISA claims, citing the exact same provisions relied upon by Plaintiffs here,[2] based upon the employer's alleged failure to count unpaid overtime for benefits purposes. However, the employer's ERISA plan defined eligible earnings as earnings *actually paid* to the employee in the plan year, <u>not</u> compensation that allegedly *should have been paid*. Accordingly, the court granted the employer's Rule 12 motion to dismiss. In rationale, the court held:

> Eligible earnings [under the plan] do not include compensation that *should* have been paid. Therefore, the [Plan administrator] had no obligation to make contributions based upon overtime hours for which plaintiffs received no actual compensation and was indeed following the terms of the plan when it did not make such contributions. The [Plan administrator's] role as a fiduciary does not alter its obligation to adhere to the Plan's parameters. Plaintiffs' primary claim is that [the employer] misclassified them as exempt employees. Any such misclassification, however, does not concern the Plan, and plaintiffs have not alleged that [the Plan administrator] was responsible for the classification. Rather, plaintiffs assert only a FLSA claim. Therefore, the court dismisses plaintiffs' ERISA claims.

Id. at * 2. Here, Plaintiffs' ERISA claims fail for identical reasons.[3]

Lawson's Plan defines eligible Compensation as "only that compensation which is <u>actually paid</u> to the Participant during the Plan Year." Magnuson Affidavit, Exhibit A

---

[2] In Maranda, plaintiffs relied upon ERISA Sections 209(a)(1), 404(a)(1) and 502(a)(3) in asserting her claims. These are the exact same provisions which form the basis of Plaintiffs' claims against Lawson. See Complaint ¶¶ 65-78.

[3] It is noteworthy that the Plaintiffs in Maranda are represented by the Halunen law firm, the same firm that represents the Plaintiffs in this action. Prior to filing this motion for partial dismissal, Lawson gave Plaintiffs the opportunity to dismiss their ERISA claims in light of the recent Minnesota District Court's decision. Plaintiffs declined to do so, thus forcing Lawson to proceed with this motion to dismiss their obviously defective claims. Lawson also brings to the Court's attention that it is evaluating a motion to disqualify the Halunen firm and potentially Plaintiffs' other counsel for reasons to be separately presented to the Court. In this regard, at this time, Lawson reserves its right to bring this motion to disqualify.

(emphasis added). Critically, the Plan does not define Compensation as earnings that should be paid or earnings that are due or accrued. Instead, the Plan simply defines Compensation, for purposes of Plan administration, as compensation that was actually paid, no more and no less. Exactly like the situation in <u>Maranda</u>, Plaintiff's ERISA claims directly conflict with the express terms of the Plan. Plaintiffs claim they were not paid the overtime they seek to recover as part of their FLSA claims. But, the <u>unpaid</u> overtime plainly does not constitute Compensation under the terms of the Plan. For this reason, there has been no breach of Lawson's fiduciary duties and there are no ERISA records to correct for the simple reason that Lawson did exactly as it was required to do under the terms of the Plan. Lawson administered the Plan based upon Compensation actually paid to Plaintiffs and, therefore, Counts III and IV should be dismissed.

### 2. Plaintiffs' Breach of Fiduciary Claim Is Defective On Independent Grounds.

Even if the Plaintiffs were granted the assumption that the Plan's definition of Compensation includes the unpaid overtime hours allegedly due Plaintiffs, which the Plan absolutely does not, the ERISA claim for breach of fiduciary duty (Count IV) still fails.[4] Lawson's alleged improper conduct is not a fiduciary function as a matter of law.

There is no dispute, for purposes of this motion, that Lawson has fiduciary obligations under ERISA in its capacity as the Plan Sponsor. However, this does not

---

[4] Count III, Plaintiff's record-keeping claim under ERISA, also fails because courts have recognized that there exists no private cause of action under Section 209, 29 U.S.C. § 1059. The U.S. District Court for the Middle District of North Carolina dismissed plaintiffs ERISA record-keeping claim on the pleadings holding that Section 209 "does not create a private right of action, but instead operates only to influence evidentiary burdens." <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 606 (M.D.N.C. 2004)(citing cases from other districts for same proposition).

mean that every decision made by Lawson, both as the employer and Plan sponsor, constitutes a fiduciary function. Far from it, the courts have recognized that payroll practices and related decisions do not constitute fiduciary duties for purposes of ERISA.

ERISA's fiduciary duty rules apply only to decisions by an employer acting in its fiduciary capacity, and not to the employer's management decisions, business or ministerial functions.[5] See Flanigan v. General Elec. Co., 242 F.3d 78, 87-88 (2d. Cir. 2001) (citing 29 U.S.C. §§ 1104(a), 1106(a)-(b)) (affirming dismissal of ERISA fiduciary claim because employer's management decisions did not trigger fiduciary duties); see also 29 C.F.R. § 2509.75-8.

In this regard, an employer is not subject to liability for a breach of fiduciary duty when it conducts business transactions or makes business decisions which are not regulated by ERISA. In other words, ERISA recognizes that employers often wear "two hats," one as an employer and one as a plan sponsor. See Belade v. ITT Corp. 909 F.2d 736, 738 (2d. Cir. 1990) (quoting Amato v. Western Union, 773 F.2d 1402, 1416-17 (2d Cir. 1985)). When an employer merely performs ministerial tasks related to the plan, which is what is alleged by Plaintiffs here, it cannot be held liable for a breach of fiduciary duty.[6]

---

[5] The determination of whether an employer's decision involves fiduciary functions "is a question for Court; "[f]iduciary status is not an 'all or nothing' concept; a court must ascertain whether one acts as 'a fiduciary with respect to the particular activity in question.'" Trustees of Health and Welfare, 931 F.Supp. 204, 207 (S.D.N.Y. 1996) (quoting Walling v. Brady, 917 F.Supp. 313, 319 (D. Del. 1996)).

[6] It is anticipated that Plaintiffs will oppose Lawson's motion by relying upon cases such as Rosenburg v. International Bus. Machs. Corp., 2006 U.S. Dist. LEXIS 41775; 2006 WL 1627108 (N.D.Ca. June 12, 2006) and In re Farmers Ins. Exch. Claims Representatives' Overtime Litigation, 2005 U.S. Dist. LEXIS 42706; 2005 WL 1972565 (D. Or. Aug. 15, 2005) wherein courts have allowed ERISA claims to continue in

The Department of Labor's regulations concerning ERISA set forth the type of functions that the DOL have determined to be ministerial and, therefore, not subject to ERISA's fiduciary duty rules. The regulations expressly provide that "application of [plan] rules determining eligibility for participation or benefits, the "calculation of services and compensation credits for benefits" and the "calculation of benefits" are all ministerial functions (and not fiduciary) under ERISA. 29 C.F.R. § 2509.75-8. Importantly, when an ERISA fiduciary claim is predicated upon the employer's performance of ministerial tasks, as is the case here, the claim is properly dismissed. See Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 21 (2d. Cir. 1996)(relying upon 29 C.F.R. § 2509.75-8, court affirmed dismissal of ERISA fiduciary claim because defendants duties, as alleged in complaint, "are insufficient to support a finding that they are fiduciaries."); Livick v. Gillette Co. et. al., 524 F.3d 24 (1st Cir. 2008)(citing 29 C.F.R. § 2509.75-8)(affirmed dismissal of ERISA breach of fiduciary duty claim because act of providing an estimate of pension benefits was ministerial in nature); see generally Lauder v. First Unum Life Ins. Co., 55 F.Supp.2d 269 (S.D.N.Y. 1999).

Moreover, Courts have specifically held that an employer's decisions relating to employee compensation are not the type of functions that trigger fiduciary responsibilities under ERISA. See Eckelcamp v. Beste, 201 F. Supp.2d 1012, 1022-23 (E.D.Mo. 2002), aff'd, 315 F.3d 83 (8th Cir. 2002) (ERISA fiduciary claim failed because employer's business decisions related to the setting of compensation did not

---

situations where plaintiffs assert companion FLSA claims. However, these cases do not save Plaintiffs' claims. As the court in Maranda, infra, observed, these ERISA claims were allowed to proceed despite little substantive analysis or discussion. In contrast, Maranda and the other cases cited herein establish that when ERISA claims conflict with the terms of the ERISA plan (as they do here), and where the complained-of acts are ministerial in nature, dismissal is warranted.

involve fiduciary duties related to plan administration or assets); <u>Ballaris v. Wacker Siltronic Corp.</u>, 2002 U.S. Dist. LEXIS 2746; 2002 WL 926272 (D. Or. 2002); (court dismissed ERISA breach of fiduciary duty claim on employer's Rule 12 motion where employer's decisions concerning whether to pay employees for time spent donning and doffing were not fiduciary functions for purposes of ERISA), <u>partially reversed on other grounds</u>, 370 F.3d 901 (9th Cir. 2004).

As applied, Lawson's business decisions to compensate Plaintiffs as exempt employees do not pertain to Plan management or administration. The mere fact that Plaintiffs speculate that these decisions involved fiduciary duties, <u>see</u> Complaint ¶ 75, does not make it so. To the contrary, Lawson's compensation practices are business decisions separate and apart from the Plan. As the law plainly allows, Lawson was wearing its "employer hat" when it made the complained-of decisions with respect to compensation. The Plan defines Compensation for benefits purposes, and Lawson adheres to the definition of Compensation, as defined by the Plan, when it performs the ministerial function of calculating benefits due employees. As a result, Plaintiffs fail to state a claim under ERISA and Count IV should be dismissed on this independent basis.

C. **Plaintiffs' New York State Law Unjust Enrichment Claims Should Be Dismissed**

Finally, in Count V, Plaintiffs attempt to assert class claims under New York state law for unjust enrichment. However, as with Plaintiffs' ERISA claims, this claim fails as a matter of law.

The right of recovery for unjust enrichment is equitable. <u>Crest Chimney Cleaning Co. v. Ahi Ezer Congregation</u>, 310 N.Y.S.2d 217, 225 (N.Y. City Civ.Ct. 1970) ("The doctrine of unjust enrichment . . . is equitable in nature."); <u>In re Phillips' Estate</u>, 173

N.Y.S.2d 632, 635 (N.Y.Sur. 1958). The equity powers of a court may not be invoked when a plaintiff has an adequate remedy at law. Bongat v. Fairview Nursing Care Ctr., Inc., 341 F.Supp.2d 181, 188 (E.D.N.Y. 2004) ("Generally, if there is an adequate remedy at law, a court will not permit a claim in equity."); Lasky Feature Play Co. v. Suratt & Fox Film Corp., 154 N.Y.S. 974, 975 (N.Y.Sup. 1915) ("Before equity be exercised, it must clearly and satisfactorily appear that there is no adequate remedy at law . . . ."). In particular, relief under the theory of unjust enrichment is not available where there is an adequate legal remedy, or where statutory standards for recovery are set by the legislature. See Bongat, 341 F.Supp.2d at 188; Samiento v. World Yacht Inc., 883 N.E.2d 990, 10 N.Y.3d 70, 81 (2008) (affirming dismissal of plaintiff's unjust enrichment cause of action because plaintiffs had an adequate remedy at law).

Plaintiffs' unjust enrichment claim is based solely on the argument that they were not compensated for overtime and other alleged unpaid work time. See Complaint ¶¶ 79-82. However, Plaintiffs have a perfectly adequate legal remedy for such claims, as articulated in Counts I (FLSA) and II (NY wage and hour law). As such, their equitable claim of unjust enrichment must be dismissed. See Bongat, 341 F.Supp.2d at 188 ("Since plaintiffs' FLSA claim . . . would provide an adequate remedy at law, plaintiffs' claim ... based upon unjust enrichment and quantum meruit are dismissed.").

### IV. Conclusion

Based upon the foregoing, the Counts III, IV and V should be dismissed because Plaintiffs fail to state legally cognizable claims against Lawson. Therefore, Lawson respectfully requests that the Court grant this partial motion for dismissal pursuant to Rule 12(b)(6).

Date:   New York, New York
        June 10, 2008

                                    LITTLER MENDELSON, P.C.


                            By:     /s/ Craig R. Benson
                                    Craig R. Benson (CB 9531)
                                    885 Third Avenue, 16th Floor
                                    New York, New York 10022
                                    (212) 583-9600
                                    Attorneys for Defendants