UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSWALDO CRUZ,
MARY MARTHA LITTLEJOHN , and
ROBERT GREG WINN, on behalf of
themselves and a class of those similarly situated,

        Plaintiffs

v.

LAWSON SOFTWARE, INC.,
LAWSON SOFTWARE AMERICAS, INC.,

        Defendants.

Case No. 08-CIV-4704
The Hon. Sidney H. Stein

---

# DEFENDANTS' *REPLY* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

MPLS-Word 198567.1

I. Introduction

Lawson operates its 401(k) retirement Plan according to its terms. Employees may upon beginning their employment elect to defer a portion of their "Compensation" into the Plan and have the deferred Compensation matched by Lawson. Benefits in the Plan (deferrals plus match) are thus based upon and determined by "Compensation." "Compensation" is defined as the amount an employee is actually paid in a year based upon W-2 earnings reports.

Plaintiffs argue that Lawson's adherence to its Plan terms and its reliance on verifiable, ascertainable data in calculating benefits under the Plan is a breach of fiduciary duty. Plaintiffs urge the Court to find that Lawson is required by law to imagine and speculate as to possible additional compensation an employee may be owed beyond that which was actually paid and reported on W-2 earnings reports in determining benefits under its Plan. Plaintiffs' arguments are without merit under the Plan terms, under ERISA and under the case law, and should therefore be dismissed.

Likewise, Plaintiffs' New York common law claim for unjust enrichment is devoid of merit. This claim should also be dismissed as Plaintiffs' own arguments highlight yet another, fatal flaw with their claim. As set forth below, and in Lawson's principle brief, Counts III, IV and V should be dismissed.

II. Argument

**A. Lawson Adheres to Its Plan Terms on Determining Benefits. To Do Otherwise Would Be A Breach Of Fiduciary Duty.**

Plaintiffs refer the Court to Section 13.2 of the Plan as establishing Lawson's duties as a Plan Administrator. Plaintiffs' Brief, pp. 3–4. Plaintiffs' citation is correct, but its quotation is incomplete. Plaintiffs neglect to include the last sentence in the provision, which states, "The Plan Administrator <u>shall have no power to add to, subtract from or modify any of the terms of</u>

the Plan, or to change or add to any benefits provided by the Plan, or to waive or fail to apply any requirements of eligibility for a benefit under the Plan." See Affidavit of Llezlie L. Green, Exhibit C (Plan at Section 13.2)(emphasis added).

The Plan, as established through the Adoption Agreement, directs Lawson to determine contributions (along with deferrals and resulting match) into the Plan on the basis of Compensation actually paid. Lawson, according to the Plan at Section 13.2, may not deviate from this mandate. To do so violates the Plan and ERISA's fiduciary duty of compliance with plan terms. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) (plan administrators must follow plan terms); ERISA § 502((a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (ERISA cause of action for failure to abide by plan terms.)

Plaintiffs, in essence, are asking this Court to insert a new definition of Compensation into the Plan - to redraft the Plan to define Compensation on an accrual basis or potential claims-made basis.[1] It is inappropriate, however, to override a plan's clear choice of terms. Gilley v. Monsanto Co., Inc. 490 F.3d 848, 855 and 857 (11th Cir. 2007), cert. denied __ U.S. ___, 128

---

[1] In their Brief, Plaintiffs include a confusing argument on the Plan definition of Compensation based on the absence of certain language. Plaintiffs claim that since Lawson's Plan does not specifically exclude "illegally withheld wages," if wages are purportedly "illegally withheld," they should be counted as Compensation. Plaintiffs' Brief, pp. 8-10. But Lawson's test for determining Compensation is far simpler, is a standard term in similar plans operated by public companies, is readily verifiable and is not subject to characterizations of legality or illegality. The Plan's plain definition of "Compensation" only includes "paid" wages in a plan year. If wages are not paid in a plan year and are not reported on a W-2, the wages do not count as Compensation. Which is not to say, as Plaintiffs melodramatically argue, that Lawson will purposefully not pay wages owed to employees to avoid paying benefits. See id., p. 6. Lawson is a reputable employer in a very competitive business. Lawson would soon have no employees if it failed to compensate them. Plaintiffs' argument is patently ludicrous. See also LePage, infra, at fn. 8.

S.Ct. 1086 (U.S. 2008) (it was error for a district court to use "hours of service" tests[2] not elected in a plan; plan had the option to elect certain equivalencies and did not elect equivalencies used by the district court; plan's election and plan terms should be honored.)  See also Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 253 (5th Cir. 2008)(where terms of plan are clear and mandatory, there is no fiduciary duty inherent in the plan other than to follow its terms)  Lawson respectfully urges this Court to decline Plaintiffs' request of inserting a new definition of Compensation into their Plan.

**B. Establishing Compensation Is A Business Function.  ERISA Does Not Require Plan Fiduciaries To Double-Check A Company's Business Decisions.**

One day after Plaintiffs' Memorandum in Opposition was filed, another decision issued from the United States District Court for the District of Minnesota again dismissing ERISA allegations virtually identical to the ones here, and holding that plan administrators do not have a fiduciary duty to double-check compensation business decisions.  LePage v. Blue Cross and Blue Shield of Minnesota, 2008 U.S. Dist. LEXIS 1549298, Civ. No. 08-584 (RHK/JSM)(D.Minn. June 25, 2008)(Kyle, J.)(copy attached to the Affidavit of Sara Gullickson McGrane).[3]

---

[2] Plaintiffs also argue, unpersuasively, that Lawson did not properly account for "Hours of Service" under DOL regulations, allegedly leading to improper benefit accrual under the Plan and improper reporting.  Plaintiffs' Brief, pp. 8-10.  This argument is seriously flawed because: (1) accrued benefits in the Plan are not established through "Hours of Service" in the Plan, but through the individual account balances comprised of deferral and match contributions (I.R.C. § 411(a)(7)(A)(ii); ERISA § 3(23)(B)); and (2) even if this were true, the Hours of Service regulations recognize a mechanism for adjusting "Hours of Service to reflect a back pay award, if any, recognizing an ability to account for information related to possible disputed hours calculations at a time when the dispute is finalized (29 C.F.R. § 2530.200b-(2)(a)(3)).

[3] The decision cites to and relies upon the earlier decision of Maranda v. Group Health Plan, Inc., Civ. No. 07-4655, 2008 WL 2139584, 2008 U.S. Dist. LEXIS 41500 (D. Minn. May 20, 2008)(Doty, J.), discussed in Lawson's principle brief.  It is noteworthy that the Plaintiffs in both LePage and Maranda are represented by the Halunen law firm, the same firm that represents the Plaintiffs in this action.

In LePage, the plaintiffs argued that the employer, Blue Cross, failed to properly record all hours certain computer employees worked and failed to account for overtime in administering certain retirement plans. Blue Cross was the plan administrator of its retirement plans – a pension plan and a 401(k) plan. The court dismissed claims related to a pension plan, because the pension plan expressly excluded overtime pay for purposes of calculating benefits. The Court then examined the remaining claims asserted against the 401(k) Plan and concluded that the claims against the 401(k) Plan failed as well.

In LePage, the court reasoned as follows: "As plan administrator of the 401(k) Plan, Blue Cross had a fiduciary duty to credit the plaintiffs with the compensation that is required to be credited under the terms of the plan. That compensation was defined as `total earnings paid to' a person and that `is reported . . . on Internal Revenue Service Form W-2 …' ." Establishing such compensation is a business function, not a fiduciary function. There is no duty, in the plan or in ERISA, requiring a plan administrator to double-check or question an employer's compensation determinations. LePage, pp. 11– 13. Since overtime was unpaid, it did not have to be recorded for plan purposes, and therefore the ERISA record-keeping claim failed as well. Id.

At pages 14-15, the LePage court stated two reasons for declining to follow the same three unreported decisions that the Plaintiffs urge this Court to follow (see Plaintiffs' Brief, pp. 15-16): Rosenburg v. Int'l Bus. Machs. Corp., Civ. No. 06-0430, 2006 WL 1627108 ( N.D. Cal. June 12, 2006); In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig., MDL No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005); Gerlach v. Wells Fargo & Co., No. 05-0585 (N.D. Cal. June 13, 2005). First, the unreported decisions "did not adequately address whether there is a fiduciary duty to review an employer's business decision for classifying the employees

as exempt or nonexempt for payroll purposes and a corresponding fiduciary duty to investigate whether the employees had some legal claim to additional compensation." Second, the three unreported decisions failed to address "the policy implications of recognizing such a sweeping duty. . . Such a far-reaching duty would send the administration of the plan into gridlock and dramatically increase the cost of administering the plan." Rather, the LePage court decided that dismissal of the ERISA claims was in accordance with United States Supreme Court admonition "that Congress did not intend that ERISA be `a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering . . . benefit plans in the first place.'" LePage, pp. 15-16 (quoting Varity Corp. v. Howe, 516 U.S. 489, 497 (1996)).

The LePage and Maranda decisions are consistent with other authority recognizing the distinction between business decisions and fiduciary decisions.[4] In Tinley v. Gannett Company Inc., 2002 WL 531556, 2002 U.S. Dist. LEXIS 6826 (D.Del. 2002), aff'd 55 Fed. Appx. 74 (3rd Cir. 2003), the court found that the characterization of employees as "independent contractors" was a business decision, the exclusion of "independent contractors" from ERISA plans was also a business decision, and therefore there was no recordkeeping or fiduciary claim ties to alleged misclassification of certain employees as independent contractors. See also Foss v. Lucent Tech. Inc., 2006 WL 3437586, 2006 U.S. Dist. LEXIS 89217 (D.N.J. 2006) (unambiguous plan language is to be enforced; decision to spin off pension plan and plan amendments were business decisions, not fiduciary decisions); Kalda v. Sioux Valley Physician Partners, Inc., 481 F.3d 639

---

[4] Plaintiffs suggest that Lawson improperly relies upon certain DOL relations in support of its argument that the ERISA breach of fiduciary duty claim should be dismissed. See Plaintiffs' Brief, pp. 17-18 (referencing 29 C.F.R. § 2509.75-8). Plaintiffs erroneously assume Lawson is citing these provisions for the purpose of establishing who is or is not a fiduciary. To the contrary, these DOL regulations describe the types of functions the DOL has determined to be ministerial in nature. And, these regulations demonstrate that the complained-of decisions here were just that: ministerial as opposed to fiduciary functions.

(8th Cir. 2006) (decision to merge with one company, rather than another company that would have made pension contributions was a business decision, not a fiduciary decision); Kirschbaum, infra at p. 3, 526 F.3d at 253.

Lawson's payroll and compensation decisions are business decisions. There is no fiduciary duty, in the operation of the Plan, to double-check those business decisions. Records for Compensation were kept in accordance with the business decisions. Therefore, all of the ERISA claims fail.

### C. Plaintiffs' Unjust Enrichment Claim Remains Defective.

In opposing Lawson's motion to dismiss the New York state law unjust enrichment claim, Plaintiffs argue that the Federal Rules[5] permit the pleading of alternative theories of recovery. See Plaintiffs' Brief, pp. 21-25. Lawson does not dispute Plaintiffs may pursue similar statutory and common law claims under the Rules. However, Lawson does not agree that Plaintiffs may assert a legally defective claim against it, which is precisely what Plaintiffs are attempting to do.

As discussed in Lawson's principle brief, Plaintiffs' unjust enrichment claims are barred because Plaintiffs have an adequate remedy at law, namely their statutory wage claims under the Federal FLSA and New York Labor law. See Plaintiffs' Complaint, Counts I and II. Undeterred, Plaintiffs seek to get around this clear defect by citing numerous cases wherein courts have held that a plaintiff may pursue tandem common law and statutory claims. See Plaintiff's Brief, pp. 22-23. In this connection, Plaintiffs rely extensively upon Davis v. Lenox Hill Hosp., 2004 WL 1926087, 2004 U.S. Dist. LEXIS 17284, *7 (S.D.N.Y. Aug. 31, 2004).

---

[5] In their Brief, Plaintiffs cite Federal Rule 8(e) as the basis of their argument. However, Rule 8 was amended in December 2007. Presumably, Plaintiffs intend to rely upon Rule 8(d)(2).

However, the only thing Plaintiffs have accomplished though their reliance on Davis is to highlight yet *another* fatal flaw with respect to the unjust enrichment claim.

In Davis, it is true that the court held the plaintiff could simultaneously plead claims for unjust enrichment and the FLSA. However, in reaching this conclusion, the court relied upon the fact that the common law claim for unjust enrichment was not preempted by the FLSA:

> [a]t the pleading stage … parties are entitled to plead causes of action under both state and federal law to vindicate the same right **unless the federal law preempts the state claim.** The FLSA does not preempt state law in the area of overtime compensation.

Id. at *7 (citing Overnite Trans. Co. v. Tianti, 926 F.2d 220, 222 (2d. Cir. 1991)(emphasis added)). Here, given the nature of Plaintiffs' unjust enrichment claim, it is squarely preempted by the FLSA.[6]

Most recently, in Lopez v. Flight Services, Inc., 2008 WL 203028, 2008 U.S. Dist. LEXIS 4744 (W.D.N.Y. Jan. 23, 2008), the Court dismissed the plaintiffs' New York common law claim unjust enrichment on the defendant's Rule 12 motion because the claim was based on the same set of facts that supported plaintiffs' FLSA claim:

> The unjust enrichment claim alleges that [defendant] was unjustly enriched as a result of receiving Plaintiffs' labor without paying for the same. Accordingly, all of the state law-claims pertain to Defendants' alleged failure to pay Plaintiffs in accordance with the FLSA. Consequently, they are preempted by the FLSA and must be dismissed.

Id. at *7. In so holding, the court based its decision upon several reasoned decisions of other courts, including this Court, recognizing that state law claims are preempted if duplicative of

---

[6] Likewise, to the extent Plaintiffs' unjust enrichment claim is predicated upon the same facts as their ERISA claims, *i.e.,* that Lawson allegedly failed to credit their claimed overtime hours for benefits purposes, their claim is also preempted. See generally, Davis, 2004 WL 1926087 , 2004 U.S. Dist. LEXIS 17284 at *6.

claims under the FLSA.[7]  See id. (citing Anderson v. Sara Lee Corp., 508 F.3d 181, 194 (4th Cir.2007)(state law claims for breach of contract, negligence and fraud were preempted by the FLSA because they were "merely duplicated FLSA claims"));  Petras v. Johnson, 1993 WL 228014, 1993 U.S. Dist. LEXIS 8464,**2-3 (S.D.N.Y. Jun. 22, 1993)(dismissed plaintiff's New York common law claim for fraud on defendant's Rule 12 motion as preempted under the FLSA because the claim was predicated on defendant's alleged FLSA violations noting that "courts have consistently held that [Section 207 of the FLSA] is the exclusive remedy for enforcing rights created under the FLSA … .").

This is exactly the situation here.  The entire factual basis for Plaintiffs' unjust enrichment claim, as pled, is that Lawson did not properly pay Plaintiffs for the work they allegedly performed.  See Complaint, ¶¶ 80-82.  It goes without saying that this is the very essence of Plaintiffs' claim under the FLSA.  See id., ¶ 52.  Pursuant to the authorities above, the unjust enrichment claim must also be dismissed on the alternative grounds of FLSA preemption.

### III. Conclusion

Plaintiffs fail to state legally cognizable claims against Lawson with regard to Counts III, IV and V.  Lawson respectfully requests that the Court grant this partial motion for dismissal pursuant to Rule 12(b)(6).

---

[7] The Lopez court noted that the Second Circuit has not specifically ruled whether a state law unjust enrichment claim is preempted by the FLSA.  Lopez, 2008 WL 203028, 2008 U.S. Dist. LEXIS 4744, *5.  In light of this fact, the court found persuasive the Fourth Circuit's reasoning in Anderson, supra.  Although it is true that the Second Circuit considered FLSA preemption in Overnite, supra (which was relied upon by the Davis court), the issue in Overnite was whether Connecticut's state wage and hour statutes were preempted by certain provisions of the Federal FLSA.  Critically, the court in Overnite did not consider FLSA preemption in the context of a common law claim for unjust enrichment and thus, it is distinguishable.

Dated: July 1, 2008.                           FELHABER, LARSON, FENLON & VOGT, P.A.


                 By: *s/ Sara Gullickson McGrane*
                     Sara Gullickson McGrane, #233213
                       (Pro Hac Vice)
                     Ruth S. Marcott, #176825
                     220 South Sixth Street, Suite 2200
                     Minneapolis, Minnesota 55402
                     (612) 339-6321

-and-

MELTZER, LIPPE, GOLDSTEIN
 & BREITSTONE, LLP
  Loretta Mae Gastwirth
  Richard M. Howard
  190 Willis Avenue
  Mineola, NY 11501
  (516) 747-0300

ATTORNEYS FOR DEFENDANTS
LAWSON SOFTWARE, INC. AND
LAWSON SOFTWARE AMERICAS, INC.