UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSWALDO CRUZ,  
MARY MARTHA LITTLEJOHN , and  
ROBERT GREG WINN, on behalf of  
themselves and a class of those similarly situated,

        Plaintiffs

v.

LAWSON SOFTWARE, INC.,  
LAWSON SOFTWARE AMERICAS, INC.,

        Defendants.

Case No. 08-CIV-4704  
The Hon. Sidney H. Stein

---

**AFFIDAVIT OF SARA GULLICKSON MCGRANE  
IN SUPPORT OF  
DEFENDANTS' *REPLY* MEMORANDUM  
OF LAW IN SUPPORT OF  
MOTION TO DISMISS**

MPLS-Word 198778.1

STATE OF MINNESOTA )
                                  )ss.
COUNTY OF HENNEPIN )

1.    I, Sara Gullickson McGrane, swear and affirm upon the penalty of perjury that the statements contained in this Affidavit are true and correct.

2.    I am an attorney representing Defendants, Lawson Software, Inc. and Lawson Software Americas, Inc.

3.    Attached as Exhibit A is a true and correct copy of a Memorandum Opinion and Order dated June 25, 2008 in <u>LePage, et al. v. Blue Cross and Blue Shield of Minnesota</u>, Civ. No.: 08-584 (RHK/JSM) (D. Minn. June 25, 2008) (Kyle, J.).

FURTHER YOUR AFFIANT SAYETH NOT.

<i>s/ Sara Gullickson McGrane</i><br>
SARA GULLICKSON MCGRANE

Subscribed and sworn to before me
this 1st day of July, 2008.

*s/ Rosella Collins Puoch*
Notary Public

MPLS-Word 198778.1    1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sarah LePage and Brenda Knutson,
on behalf of themselves and other
individuals similarly situated,

                Plaintiffs,

                                  Civ. No. 08-584 (RHK/JSM)
                                  **MEMORANDUM OPINION AND**
                                  **ORDER**
v.

Blue Cross and Blue Shield of Minnesota,
a Minnesota corporation,

                Defendant.

---

Clayton D. Halunen, Charles V. Firth, Halunen & Associates, Minneapolis, Minnesota, for Plaintiffs.

Andrew J. Voss, Jeffrey A. Timmerman, Marko J. Mrkonich, Littler Mendelson, PC, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

Plaintiffs Sarah LePage and Brenda Knutson, on behalf of themselves and other individuals similarly situated ("Plaintiffs"), filed this action, alleging that by failing to pay them overtime, Defendant Blue Cross and Blue Shield of Minnesota ("Blue Cross") was unjustly enriched and violated the minimum wage and overtime provisions of the federal Fair Labor Standards Act ("FLSA"),[1] the minimum wage, overtime, and record-

Exhibit A

---
[1] 29 U.S.C. § 216(b).

keeping provisions of the Minnesota FLSA,[2] and the record-keeping and fiduciary-duty provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").[3] Blue Cross now moves for partial dismissal. For the reasons set forth below, the Court will grant that Motion in part and deny it in part.

## BACKGROUND

Blue Cross is a nonprofit health-service-plan corporation. (Am. Compl. ¶¶ 6-7.) Plaintiffs, formerly employed by Blue Cross as customer-service representatives, allege that Blue Cross failed to pay them for work they performed before and after their scheduled work shifts. (Id. at ¶¶ 4-5, 11.) In particular, they allege that Blue Cross failed to pay them for "booting-up" their computers, logging onto their computers, reviewing e-mail, and logging onto telephone systems and other software applications. (Id. at ¶¶ 11-12, 14.) Plaintiffs assert that they spent "at least" 20 minutes per day performing these activities during the relevant time period. (Id. at ¶ 12.)

Blue Cross now moves to dismiss Plaintiffs' Minnesota FLSA claims (Counts 2 and 3), ERISA claims (Counts 4 and 5), unjust-enrichment claim (Count 6), and part of their FLSA claim (Count 1).

## STANDARD OF DECISION

The standard for evaluating a motion to dismiss is set forth in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (2007). When a court reviews a motion to

---

[2] Minn. Stat. §§ 177.24, 177.25, 177.30.

[3] 29 U.S.C. §§ 1059(a)(1), 1104.

dismiss, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 127 S. Ct. at 1964-65). To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. While Rule 8 of the Federal Rules of Civil Procedure does not require the pleading of "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citation omitted). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Id. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge[] the[] claims across the line from conceivable to plausible." Id. at 1974. Thus, Twombly appears to require plaintiffs to gather relevant information before filing complaints, to ensure that they are not merely pleading claims based on hunches, but rather are pleading the grounds upon which the claims rest.[4]

---

[4] Courts and commentators have been trying to ascertain Twombly's meaning and reach. See, e.g., Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007) (recognizing that "[c]onsiderable uncertainty concerning the standard for assessing the adequacy of pleadings" has been created by Twombly). Shortly after Twombly was decided, the Supreme Court reaffirmed notice pleading in federal court and emphasized that under Rule 8 "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, __U.S.__, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1964); see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC,

3

## ANALYSIS

### I.     Partial Dismissal of the FLSA Claim (Count 1)[5]

#### A.     The FLSA minimum-wage claim will be dismissed

The FLSA requires that employers pay a minimum wage of $5.85 per hour to their employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce." See 29 U.S.C. § 206(a).  Thus, to establish a violation of the minimum-wage requirements of the FLSA, a plaintiff "must demonstrate that he was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 355 (8th Cir. 1986).  But there is no violation of the FLSA's minimum-wage provisions "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." Id. at 357 (citation omitted).

Blue Cross argues that Plaintiffs failed to identify their hourly pay rates or any facts that would permit the Court to infer that they were actually paid less than the minimum wage required under the FLSA in any workweek.  The Court agrees.  Plaintiffs

---

499 F.3d 663, 667 (7th Cir. 2007) (construing Erickson and Twombly "to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8").

[5] Blue Cross has not moved to dismiss that portion of Count 1 alleging that Plaintiffs were not paid overtime.

4

have alleged that Blue Cross permitted them "to work hours each week without minimum wage compensation" which violated the FLSA's minimum-wage requirements. (See Am. Compl. ¶¶ 24-25, 45-46.) This conclusory pleading is not sufficient under Twombly. See Schaaf, 517 F.3d at 549 (explaining that a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level") (citing Twombly, 127 S. Ct. at 1964-65 & n.3).

Plaintiffs assert that "there may have been instances during the relevant limitations period" for which they did off-the-clock work and were not paid the minimum wage rate. (Pls.' Opp'n Mem. at 8-9.) But under Twombly, Plaintiffs cannot simply hope that discovery will uncover facts indicating that Blue Cross violated the minimum-wage provisions of the FLSA. See 127 S. Ct. at 1968 (stating that complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery"). Rather, Plaintiffs are required to plead facts that would, if proved, establish a violation of the minimum-wage provisions of the FLSA. Plaintiffs have not done that here; accordingly, they have failed to state a claim for violation of the FLSA's minimum-wage provisions.

**B.   Blue Cross's statute of limitations argument fails**

"Ordinarily, a violation of the FLSA is subject to a two-year statute of limitations." Smith v. Heartland Auto. Servs., Inc., 418 F. Supp. 2d 1129, 1141 (D. Minn. 2006) (Kyle, J.) (citing 29 U.S.C. § 255). But, "the statute of limitations may be extended to three years if the employer's violation is willful, i.e., the employer 'either

knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" Id. (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

In Count 1, Plaintiffs allege that Blue Cross "knew, or showed reckless disregard for the fact, that it failed to pay its employees a minimum wage and overtime compensation for their hours worked before and after the beginning of their scheduled work shift." (Am. Compl. ¶ 48.) Blue Cross asserts that Plaintiffs have simply alleged the legal elements for extending the statute of limitations without factual support. In particular, Blue Cross argues that Plaintiffs have failed to plead any facts suggesting how it purportedly knew its conduct was prohibited by the FLSA or how it acted with reckless disregard. (Def.'s Mem. at 9.) But the applicability of the statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c)(1); Mumbower v. Callicott, 526 F.2d 1183, 1187 n.5 (8th Cir. 1975) (explaining that "29 U.S.C. § 255(a) was intended to serve as a conventional limitation on the remedy, not upon the right to bring the action, and must be pleaded as an affirmative defense in compliance with Fed. R. Civ. P. 8(c)"). And it is well settled that plaintiffs are not required to negate an affirmative defense in their complaint. See, e.g., La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, Blue Cross "has attempted to foist on Plaintiffs a pleading requirement that does not exist." Ventrassist Pty Ltd. v. Heartware, Inc., 377 F. Supp. 2d 1278, 1282 (S.D. Fla. 2005). Only if it is apparent from the face of the complaint that the time limit for bringing the claim has passed, will dismissal under Rule 12(b)(6) be appropriate. See La Grasta, 358 F.3d at 845.

Here, it is not apparent from the face of the Complaint that the time limit for bringing the claim has passed or that Blue Cross did not willfully violate the FLSA. In particular, Plaintiffs have alleged that they worked for Blue Cross; were not properly paid for that work during the relevant time period; that Blue Cross failed to maintain accurate records of their overtime hours; and that such actions were willful and intentional. (See Am. Compl. ¶¶ 5, 8, 11, 15, 48.) At this early stage, Plaintiffs' general assertions satisfy the requirements of pleading a willful violation of the FLSA. See Fed. R. Civ. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); see also Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 843 (6th Cir. 2002) ("an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime"). And because the applicability of this affirmative defense often involves a factual inquiry, it is not generally amenable to resolution on a Rule 12(b)(6) motion. See, e.g., Morrison v. Quality Transports Servs., Inc., 474 F. Supp. 2d 1303, 1309 (S.D. Fla. 2007) ("The issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition."). Accordingly, the Court will deny Blue Cross's Motion as to the statute-of-limitations issue in Count 1.

II. **The Minnesota FLSA minimum wage and overtime claims are insufficiently pleaded (Count 2)**

Blue Cross argues that Plaintiffs have failed to sufficiently plead their Minnesota FLSA claim for minimum wage and overtime compensation. The Court agrees.

7

The Minnesota FLSA "establishes minimum wage and overtime compensation standards that apply to all employees who are not specifically exempt from the requirements of the Act." Milner v. Farmers Ins. Exch., 748 N.W.2d 608, 611 (Minn. 2008) (citations omitted). The minimum-wage provisions of the Minnesota FLSA require that Blue Cross pay its employees a minimum wage of $6.15 an hour. See Minn. Stat. § 177.24, subd. 1(b). "The minimum wage must be paid for all hours worked," Minn. R. 5200.0120, Subpart 1 (2008), and "[t]he period of time used for determining compliance with the minimum wage rate . . . is the workweek, which is defined as a fixed and regularly recurring period of 168 hours, seven consecutive 24-hour periods." Minn. R. 5200.0170, Subpart 1.

Here, like their minimum-wage claim under the FLSA, Plaintiffs have failed to identify their hourly pay rates or any facts that would permit the Court to infer that they were actually paid less than the minimum wage required under the Minnesota FLSA in any workweek. This is not sufficient under Rule 8 or Twombly. See 127 S. Ct. at 1964-65.

With respect to Plaintiffs' overtime claim, the Minnesota FLSA prohibits an employer from employing an employee for a workweek longer than 48 hours, "unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1-1/2 times the regular rate at which the employee is employed." Minn. Stat. § 177.25, subd. 1. "The period of time used for determining compliance with . . . overtime compensation . . . is the workweek." Minn. R. 5200.0170, Subpart 1.

Here, Plaintiffs have not even alleged that they worked more than 48 hours in any workweek. Instead, they have simply recited the legal elements for a violation of the overtime provisions of the Minnesota FLSA. (See Am. Compl. ¶¶ 51-54.) But Plaintiffs cannot simply rely on "labels and conclusions." Twombly, 127 S. Ct. at 1965. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiffs, however, assert that it is "possible that the record evidence in this case, as it is developed through discovery, will substantiate [their] claims for overtime under the MN FLSA." (Pls.' Opp'n Mem. at 16). Yet, the Supreme Court requires more – namely, that there are factual allegations that "raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Accordingly, the Court concludes that Plaintiffs have failed to state a claim for a violation of the overtime provisions of the Minnesota FLSA.

III.   **The Minnesota FLSA record-keeping claim will be dismissed (Count 3)**

Plaintiffs allege that Blue Cross violated the record-keeping requirements of the Minnesota FLSA, which requires employers to maintain wage and hour records concerning their employees. See Minn. Stat. § 177.30. In particular, an employer must keep a record of "(1) the name, address, and occupation of each employee; (2) the rate of pay, and the amount paid each pay period to each employee; [and] (3) the hours worked each day and each workweek by the employee . . . ." Id. Employers are required to retain these records for three years. Id. And the Minnesota Supreme Court recently stated in Milner "that an employee may bring a private suit for the violation of *any*

9

section of the MFLSA, including a failure to maintain records." 748 N.W.2d at 617 (citing Minn. Stat. § 177.27, subd. 8.) (emphasis in original). Plaintiffs seek injunctive relief, civil penalties, attorney's fees, and costs.[6] (See Am. Compl. ¶¶ 57, 59, L, M, N, O, S.) Blue Cross, however, argues that Plaintiffs' record-keeping claim should be dismissed because they have failed to state a legally cognizable claim. The Court agrees.

Plaintiffs spend considerable time discussing Milner to support their position that they can assert such a claim. (See Pls.' Opp'n Mem. at 17-20.) But Plaintiffs must first sufficiently plead such a claim, and that they have not done. In Milner, the defendants admitted that they did not keep any time records pursuant to the Minnesota FLSA. See 748 N.W.2d at 610, 618. That is not the case here. But more importantly, Plaintiffs have not alleged that Blue Cross failed to keep any time records or that such records were inaccurate based on the time cards Plaintiffs submitted to Blue Cross. Rather, Plaintiffs have alleged that Blue Cross failed to maintain records for certain time before and after their scheduled shift. In other words, Plaintiffs are claiming that Blue Cross should have maintained records for this off-the-clock time even though they never reported it on their time cards. The Court fails to understand how this translates into a record-keeping violation. In the end, Plaintiffs are attempting to take their substantive claim that they were not paid overtime, and bootstrap a record-keeping violation into their Complaint. Therefore, the Court will dismiss Count 3 of Plaintiffs' Complaint.

---

[6] Plaintiffs allege that as a result of any such record-keeping violation, they are entitled to a penalty "of up to $1,000 for each violation for each employee." (Am. Compl. ¶ 59.) The Minnesota Supreme Court, however, has held that civil penalties are payable to the State and not to individual litigants. Milner, 748 N.W.2d at 618.

IV.     **The ERISA claims will be dismissed (Counts 4 and 5)**

Plaintiffs assert that Blue Cross violated ERISA by failing to record all of the hours they worked, which resulted in its failure to maintain records sufficient to determine the benefit accrual rights under the Employee Savings Plan and Pension Equity Plan (Count 4). (See Am. Compl. ¶ 64 (citing 29 U.S.C. § 1059(a)(1)).) Plaintiffs also allege that Blue Cross breached its fiduciary duty to them in violation of ERISA by failing to account for overtime in administering the Employee Savings Plan and Pension Equity Plan (Count 5). (See id. ¶ 71 (citing 29 U.S.C. § 1104).) Plaintiffs seek injunctive relief for their ERISA claims pursuant to 29 U.S.C. § 1132(a)(3). (See id. ¶¶ 65, 72.) Blue Cross has set forth many arguments in support of its Motion, but the Court need only address one: are Plaintiffs' ERISA claims legally cognizable? The Court concludes that they are not.

"Setting compensation levels is a business decision or judgment made in connection with the on-going operation of a business." See Eckelkamp v. Beste, 201 F. Supp. 2d 1012, 1023 (E.D. Mo. 2002), aff'd, 315 F.3d 863 (8th Cir. 2002). Consequently, ERISA does not govern Blue Cross's business decision about how to classify an employee for payroll and FLSA purposes. Nor do Plaintiffs dispute this. (Pls.' Opp'n Mem. at 27-28.) Instead, they make the very fine distinction that Blue Cross, as plan administrator, has a fiduciary duty to double-check this business decision and evaluate whether employees had some legal claim to additional compensation. (Id. at 22, 27-30.) But no such duty exists:

> An employer's discretion in determining salaries is a business judgment which does not involve the administration of an ERISA plan or the investment of an ERISA plan's assets. Such a decision may ultimately affect a plan indirectly but it does not implicate fiduciary concerns regarding plan administration or assets. Business decisions can still be made for business reasons, notwithstanding their collateral effect on prospective, contingent employee benefits.

Eckelkamp, 201 F. Supp. 2d at 1023; see also Hickman v. Tosco Corp., 840 F.2d 564, 566 (8th Cir. 1988) (holding that ERISA does not require "day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants"). ERISA clearly states that a fiduciary must discharge its duties "in accordance with the documents and instruments governing the plan . . . ." 29 U.S.C. § 1104(a)(1)(D); see also Egelhoff v. Egelhoff, 532 U.S. 141, 150 (2001) (recognizing "ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan documents"). Thus, Blue Cross, as plan administrator, has a fiduciary duty to credit Plaintiffs with the compensation that is required to be credited *under the terms of the plan.*

Here, the Employee Savings Plan (the "401(k) Plan") defines "Eligible Earnings" as "the total earnings paid to the Participant by the Participating Employer during such Plan Year that is reported by the Participating Employer on Internal Revenue Service Form W-2 as wages, tips, or other compensation for purposes of federal income tax . . . ." (Voss Aff. Ex. 2 at § 2.08.)[7] Notably, the terms of the 401(k) Plan do not impose a duty

---

[7] The Pension Equity Plan specifically excludes overtime pay for purposes of calculating an eligible participant's "Accrued Benefit." (See Voss Aff. Ex. 3 at §§ 4.1, 4.3, 4.4(a)).) Even if Plaintiffs were to establish that Blue Cross owes them overtime pay, such pay would not be

to double-check the employer's compensation determinations or investigate whether each employee might have a legal claim that could produce additional compensation. To the contrary, the 401(k) Plan only requires that participants be credited for compensation that was *actually paid* to them.

The crux of Plaintiffs' argument is that Blue Cross had a fiduciary duty to credit them for unpaid overtime. But Plaintiffs were never actually paid overtime. And under the terms of the 401(k) Plan, Eligible Earnings do not include compensation that should have been paid. Thus, Blue Cross followed the terms of the Plan when it did not make contributions based upon overtime hours for which Plaintiffs received no actual compensation. So there are no records to correct because they properly reflect the compensation actually paid to the Plan participants. And Blue Cross's decision not to pay Plaintiffs overtime does not pertain to the administration of the 401(k) Plan; rather it is a business decision and, though the decision may have impacted Plaintiffs' benefits under the Plan, it does not state a claim for breach of fiduciary duty under ERISA. See, e.g., Ballaris v. Wacker Siltronic Corp., No. Civ. 00-1627, 2002 WL 926272, at *2 (D. Or. Feb. 7, 2002) (dismissing a claim for breach of fiduciary duty under ERISA because employer's "decision concerning whether to pay wages for changing time has only an

---

credited to the Pension Equity Plan because overtime pay is not included in this Plan's calculation of benefits. Moreover, based on the pleadings, Plaintiff LePage was not an eligible participant. (Id. at § 5.1(a); see also Def.'s Mem. at 30.) The Court notes that Plaintiffs did not address these issues in their opposition memorandum and consequently appear to have abandoned their ERISA claims with respect to the Pension Equity Plan. See, e.g., Thomsen v. Ross, 368 F. Supp. 2d 961, 974 n.9 (D. Minn. 2005) (finding that plaintiff had abandoned claims not addressed in his summary-judgment submissions). Nevertheless, as explained below, Plaintiffs' ERISA claims will be dismissed for failing to state a legally cognizable claim upon which relief can be granted.

13

extremely indirect connection to the administration of the ERISA plan" and therefore employer "was not acting as an ERISA fiduciary in this regard").[8] Inescapably then, Plaintiffs' ERISA claims are not based on any "duty with respect to the plan," 29 U.S.C. § 1104; rather, they are based solely on the claim that Blue Cross, in its role as employer, should have paid them overtime. As such, Plaintiffs have failed to state a legally cognizable claim with respect to the retirement plan at issue.

Plaintiffs, however, urge this Court to adopt the reasoning in several unpublished district court decisions. See Rosenburg v. Int'l Bus. Machs. Corp., Civ. No. 06-0430, 2006 WL 1627108 (N.D. Cal. June 12, 2006); In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig., MDL No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005); Gerlach v. Wells Fargo & Co., No. 05-0585 (N.D. Cal. June 13, 2005) (Firth Aff. Ex. A.). Each case closely parallels the facts here. In Rosenberg, the court set forth the arguments of plaintiffs and defendants and summarily concluded that it was a "close call," and that plaintiffs' ERISA claims could not be dismissed as a matter of law without further discovery. 2006 WL 1627108, at *5. In Farmers, the court stated that "[p]laintiffs draw a very fine line between business and fiduciary decisions in pressing this novel theory" and "hold[ing] the two ERISA claims in abeyance and defer[ring] any further activity on the claims (including class certification, discovery, summary

---

[8] Plaintiffs also argue that Blue Cross could avoid its fiduciary duty to pay benefits under ERISA by illegally withholding payment of overtime. (See Pls.' Opp'n Mem. at 23.) Plaintiffs, however, are not without recourse because the employer would be subject to liability under federal and state FLSA statutes. Plaintiffs offer no reason why an employer's decision to illegally withhold overtime wages should be considered a breach of the fiduciary duty by a plan administrator who follows the terms of the plan documents and is not involved in the employer's decision not to pay overtime.

14

judgment), until [the court] rule[d] on defendants' liability for overtime pay." 2005 WL 1972565, at *5. Likewise, in Gerlach, the court allowed the ERISA claims to survive on the basis that the defendant's argument was "not persuasive" and the concern that the defendant could illegally withhold overtime wages and then deprive plaintiffs of the corresponding pension benefits. (Firth Aff. Ex. A at 5.)

But this Court is not persuaded by those decisions; they did not adequately address whether there is a fiduciary duty to review an employer's business decision for classifying employees as exempt or nonexempt for payroll purposes and a corresponding fiduciary duty to investigate whether the employees had some legal claim to additional compensation. See Maranda v. Group Health Plan, Inc., Civ. No. 07-4655, 2008 WL 2139584, at *2 (D. Minn. May 20, 2008) (Doty, J.) (rejecting the reasoning in Rosenberg, Farmers, and Gerlach, and dismissing nearly identical ERISA claims because plaintiffs failed to state a cognizable claim based on the substance of the pension plan at issue). Furthermore, the decisions relied upon by Plaintiffs did not address the policy implications of recognizing such a sweeping fiduciary duty. In this case, Plaintiffs draw an extremely fine line between business and fiduciary decisions – namely, that a plan administrator has a fiduciary duty to second guess the employer's classification of all of its employees as exempt or nonexempt. Such a far-reaching duty would send the administration of the plan into gridlock and dramatically increase the cost of administering the plan. And the Supreme Court has repeatedly warned that Congress did not intend that ERISA be "a system that is so complex that administrative costs, or

litigation expenses, unduly discourage employers from offering . . . benefit plans in the first place." Varity Corp. v. Howe, 516 U.S. 489, 497 (1996). The Court will dismiss Plaintiffs' ERISA claims.

V.     **The unjust-enrichment claim survives (Count 6)**

Plaintiffs have also filed a common law unjust-enrichment claim against Blue Cross. Blue Cross asserts that unjust enrichment is an equitable claim that may not be invoked when Plaintiffs have an adequate remedy at law – in this case, a federal FLSA claim. Nonetheless, a party may plead alternative theories of relief under both legal and equitable grounds. See Fed. R. Civ. P. 8(d)(2). "While Plaintiff[s] may not obtain double recovery, [they are] free to pursue relief under the FLSA as well as unjust enrichment . . . ." Marquez v. Partylite Worldwide, Inc., Civ. No. 07-2024, 2007 WL 2461667, at *6 (N.D. Ill. Aug. 27, 2007). Accordingly, the Court will not dismiss this claim.[9]

---

[9] Alternatively, Blue Cross argues that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' Minnesota FLSA claims and unjust-enrichment claim because the opt-out adjudication of these claims would circumvent the opt-in procedure of Plaintiffs' FLSA claim. (See Def.'s Mem. at 14-19, 32-32 (citing 28 U.S.C. § 1367(c)(4)).) The Eighth Circuit addressed the distinction between an FLSA collective action and a Rule 23 class action as follows: "Rule 23(c) provides for 'opt out' class actions. FLSA § 16(b) allows as class members only those who 'opt in.' These two types of class actions are mutually exclusive and irreconcilable." Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975) (quoting LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975). But "such arguments about the propriety of class treatment are premature at present" and can be appropriately resolved when Plaintiffs move to certify the respective classes. Resnick v. Oppenheimer & Co., Civ. No. 07-80609, 2008 WL 113665, at *4 (S.D. Fla. Jan. 8, 2008).

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Blue Cross's Motion for Partial Dismissal (Doc. No. 8) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED** as to Count 1 insofar as Plaintiffs have alleged a violation of the FLSA's minimum-wage provisions; and this portion of Count 1 is **DISMISSED WITHOUT PREJUDICE**. The Motion is **DENIED** as to Count 1 with respect to the statute of limitations;

2. The Motion is **GRANTED** as to Counts 2, 3, 4, and 5 and these Counts are **DISMISSED WITHOUT PREJUDICE**; and

3. The Motion is **DENIED** as to Count 6.

Date: June 25, 2008

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge